# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00432-MR

CHRISTOPHER D. CROMARTIE, JR., )
)
              **Plaintiff,** )
)
vs. )
)
NORTH CAROLINA DEPARTMENT )
OF PUBLIC SAFETY, et al., ) **ORDER**
)
              **Defendants.** )
_____ )

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

## I. BACKGROUND

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining about incidents that allegedly occurred at the Scotland and Alexander Correctional Institutions.[1] He names as Defendants: the North Carolina Department of Public Safety (NCDPS); Connie Locklear-Jones, the head physician at Scotland C.I.; and FNU Hardin, a correctional sergeant at Alexander C.I.

---

[1] Plaintiff is presently incarcerated at the Tabor Correctional Institution.

Plaintiff appears to allege that he suffers from an unspecified leg condition for which Defendants provided inadequate medical care and accommodations. He alleges that Defendants are liable "due to them knowingly and willingly refusing to aside [sic] with [Plaintiff's] medical history and in which [sic] such matters grew worse in which resulted in hospitalization[,] … surgery and physical therapy treatment." [Doc. 1 at 19]. Plaintiff alleges that Defendant Jones has "responsibility over general care" and that she removed "restrictions" from Plaintiff's file, which exacerbated his injuries. [Doc. No. 1 at 19]. Plaintiff alleges that Defendant Hardin "ignor[ed] NEWLY written orders for … treatment…" and refused to allow him to use the elevator or have meals brought to him. [Doc. 1 at 19, 21]. Plaintiff alleges that he was consequently forced to use the stairs and make long trips to the cafeteria, making his injury worse. Plaintiff alleges that these incidents began at Scotland C.I. in September or October 2017 and ended at Alexander C.I. on April 30, 2018. Confusingly, he also alleges that "such events are 'one' not multiple times" and that "such events lasted for long periods." [Doc. 1 at 21]. Plaintiff alleges that he complained of these events in grievances and request forms that went unanswered.

Plaintiff alleges that, as a result of Defendants' actions, his legs were damaged, he was rushed to the emergency room, and had surgery from which he has long-lasting surgical pain and other unspecified injuries.

Plaintiff seeks compensatory and punitive damages, free medical care in future, removal of Defendants' duties, and an apology. Plaintiff also requests the appointment of counsel.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, Plaintiff has named NCDPS as a Defendant. The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Accordingly, Plaintiff's claims against NDCPS are barred and they will be dismissed with prejudice.

With respect to Plaintiff's other claims, the Complaint is too vague and conclusory to proceed. A pleader must allege facts, directly or indirectly, that

4

support each element of the claim. Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002); see Fed. R. Civ. P. 8(a)(2) (a short and plain statement is required). Conclusory allegations, unsupported by specific allegations of material fact are not sufficient. Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990).

Plaintiff alleges that Defendants violated North Carolina and federal laws as follows *verbatim*: "1) medical negligence, 2) medical malpractice, 3) pain and suffering, (4) cruel and unusual punishment, 5) intentional infliction of emotional distress, 6) lack of due process and any other rights deemed to be awarded in which were violated that seems just and proper." [Doc. 1 at 19]. Plaintiff makes vague allusions to a leg injury and suggests that Defendants provided inadequate treatment and accommodations. However, Plaintiff fails to identify his medical condition or describe Defendants' alleged actions and inactions with adequate specificity to state any claim for relief. Plaintiff has attached to his Complaint more than 500 pages of documents, including prison records and North Carolina Industrial Commission materials. However, the Court has "no obligation to act as counsel or paralegal to *pro se* litigants" and will not develop legal claims from these documents on Plaintiff's behalf. Pliler v. Ford, 542 U.S. 225, 231 (2004); see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (district courts are not

5

required to "conjure up questions never squarely presented to them" or "construct full blown claims from sentence fragments…."). The Complaint will therefore be dismissed without prejudice.

The Court further notes that Scotland C.I. is located in the Middle District of North Carolina. As such, this Court is not the proper venue for Plaintiff's claims against Defendant Locklear-Jones arising from events that occurred at Scotland C.I. See generally 28 U.S.C. § 1391(b). If Plaintiff wishes to pursue such claims, he should do so in the Middle District of North Carolina. See Fed. R. Civ. P. 18, 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits….").

Finally, Plaintiff includes in his Complaint a request for the appointment of counsel. However, he has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel at this time and the request is denied. See generally Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will dismiss Defendant NCDPS from this action with prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so

6

Case 3:20-cv-00432-MR   Document 7   Filed 11/12/20   Page 6 of 7

chooses, to correct its deficiencies and properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Defendant North Carolina Department of Public Safety is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge