IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00432-MR

CHRISTOPHER D. CROMARTIE, JR.,   )
                                 )
            Plaintiff,           )
                                 )
vs.                              )
                                 )
NORTH CAROLINA DEPARTMENT        )
OF PUBLIC SAFETY, et al.,        )         ORDER
                                 )
            Defendants.          )
_____  )

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 12]. Also pending are the Plaintiff's *pro se* "Motion for Exhibits and/or Evidence from Original Filings/Documents" [Doc. 11], "Motion of Extension of Time" [Doc. 10], and "Motion for Default Entry Judgment or/and Summary Judgment" [Doc. 14]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

**I.    BACKGROUND**

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining about incidents that allegedly occurred at the Scotland and Alexander Correctional Institutions.[1] The Complaint was

---
[1] Plaintiff is presently incarcerated at the Tabor Correctional Institution.

dismissed on initial review, and the Plaintiff was granted the opportunity to amend. [Doc. 7]. The Plaintiff's Amended Complaint [Doc. 12] is now before the Court on initial review.

The Amended Complaint addresses incidents that allegedly occurred at the Alexander C.I. The Plaintiff appears to assert several violations of the United States Constitution and for negligence and intentional infliction of emotional distress under North Carolina law.[2] [Doc. 12 at 13]. The Plaintiff names as the sole Defendant FNU Hardin, a correctional unit sergeant ("Sergeant Hardin). The Plaintiff seeks compensatory, punitive, and nominal damages; fees and costs; and an apology letter. [Id. at 18]. The Plaintiff asks the Court to appoint counsel to assist him with discovery; provide assistance with summonses and subpoenas; and provide "appropriate guidance" in litigating this matter. [Doc. 12 at 13, 20, 21].[3]

---

[2] The Plaintiff identifies his claims as "cruel and unusual punishment, due process, punitive, intentional infliction of emotional distress, pain and suffering, excessive force, general negligence, compensatory damages" and "any other violation(s) upon what his vocabulary can not express due to [the Plaintiff] being a layman of law." [Doc. 12 at 13].

[3] The Plaintiff also asks the Court to transfer his claims against Connie Locklear-Jones, a physician at Scotland C.I., to the Middle District of North Carolina. [Id.]. The Plaintiff had named Dr. Locklear-Jones as a Defendant in the Complaint. [Doc. 1]. On initial review, the Court advised the Plaintiff that he wished to pursue any claims against Dr. Locklear-Jones, he needed to do so in the Middle District of North Carolina. [Doc. 7 at 6]. The Plaintiff did not name Dr. Locklear-Jones as a Defendant in the Amended Complaint, and therefore, the Court need not address this request for relief further.

2

The Plaintiff has also filed several Motions that are presently pending, including a "Motion for Exhibits and/or Evidence from Original Filings/Documents" [Doc. 11], a "Motion of Extension of Time" [Doc. 10], and a "Motion for Default Entry Judgment or/and Summary Judgment" [Doc. 14].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint

which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, the body of the Complaint contains allegations addressing individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders the Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff asserts a claim of cruel and unusual punishment against Defendant Hardin. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth

4

Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). Further, a plaintiff must allege and prove facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

The Plaintiff's allegations that Defendant Hardin knew of the Plaintiff's valid medical restrictions but failed to honor them states a plausible Eighth Amendment claim that will be permitted to pass initial review.

The Court will also exercise supplemental jurisdiction over the Plaintiff's North Carolina negligence claim against Defendant Hardin. See Blackwell v. Hatley, 202 N.C.App. 208, 212, 688 S.E.2d 742, 746 (2010) (North Carolina law requires that "in order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages."); 28 U.S.C. § 1367(a) (federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within

5

[federal-court competence] that they form part of the same case or controversy.").

The Plaintiff purports to assert claims of "excessive force" and "due process"[4] and "any other violation(s)" that he is unable to express as a layman. [Doc. 12 at 13]. The Court is unable to glean any plausible claims from these conclusory allegations. Therefore, the Plaintiff's claims for "excessive force," "due process," and "any other violation(s)," are dismissed.

Finally, the Plaintiff asserts a claim for the intentional infliction of emotional distress under North Carolina law. The elements are: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Dickens v. Puryear, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981) (citations and quotation marks omitted). The severe emotional distress required for intentional infliction of emotional distress is "any emotional or mental disorder, such as for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe or disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Piro v. McKeever, 245 N.C.

---

[4] To the extent that the Plaintiff intended to assert a substantive due process claim, it is subsumed by his Eighth Amendment claim. See Williams v. Benjamin, 77 F.3d 756, 768 (4th Cir. 1996) ("it is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater substantive protection 'than does the Cruel and Unusual Punishments Clause.'") (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)).

6

App. 412, 416, 782 S.E.2d 367, 371 (2016), *aff'd* 369 N.C. 291, 794 S.E.2d 501 (citations omitted). Conduct is "extreme and outrageous" when it "exceeds all bounds usually tolerated by a decent society." Shreve v. Duke Power Co., 85 N.C. App. 253, 257, 354 S.E.2d 357, 359 (1987) (citation and quotations omitted).

Assuming *arguendo* that the Plaintiff has adequately alleged extreme and outrageous conduct, he has failed to plausibly allege that Defendant Hardin intended to cause the Plaintiff harm, or that any severe emotional disorder resulted from Defendant Hardin's actions. Therefore, this claim will be dismissed.

The Amended Complaint includes requests for the appointment of counsel for purposes of discovery and for assistance in litigating this matter. The Plaintiff's request for assistance with summonses is moot, as the Court will order the Clerk to commence the procedure for service waiver as to Defendant Hardin. The requests for counsel and for assistance with subpoenas are moot insofar as the Court will offer the Plaintiff the opportunity to request the appointment of North Carolina Prisoner Legal Services for purposes of discovery pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW. The Plaintiff's request for assistance does not otherwise warrant the appointment of counsel, as he has failed to

7

demonstrate the existence of extraordinary circumstances. See generally Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). To the extent that the Plaintiff requests legal assistance or advice from the Court, this request is denied. See generally Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

**IV. PENDING MOTIONS**

The Plaintiff has filed a "Motion for Exhibits and/or Evidence from Original Filings/Documents" in which he seeks copies of documents that he previously filed with the Court. [Doc. 11]. This appears to refer to the documents attached to the Complaint. This Motion is granted and the Clerk will be instructed to mail the Plaintiff a copy of the Complaint, including its attachments, as a courtesy.

In his "Motion of Extension of Time," the Plaintiff reiterates his request for his previously-filed documents and seeks an extension of time to file the Amended Complaint. [Doc. 10]. The Plaintiff has already filed his Amended Complaint and the Court has agreed to provide him a copy of the Complaint. Therefore, this Motion is denied as moot.

In his "Motion for Default Entry Judgment or/and Summary Judgment," the Plaintiff asserts that Defendants have been served and failed to timely answer or respond to the Amended Complaint. [Doc. 14]. He requests entry

8

of judgment in his favor and a jury trial on damages. This Motion is denied because no Defendant has yet been served and there has been no default.

**V.    CONCLUSION**

For the foregoing reasons, the Court concludes that Plaintiff's Eighth Amendment claim has survived initial review as to Defendant Hardin and the Court will exercise supplemental jurisdiction over the Plaintiff's negligence claim against him. The remaining claims are dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Hardin, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment and negligence claims against Defendant Hardin have survived initial review. The Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Hardin, who is alleged to be a current or former employee of NCDPS.

**IT IS FURTHER ORDERED** that:

(1) The Plaintiff's "Motion for Exhibits and/or Evidence from Original Filings/Documents" [Doc. 11] is **GRANTED**;

(2) The Plaintiff's "Motion of Extension of Time" [Doc. 10] is **DENIED AS MOOT**; and

(3) The Plaintiff's "Motion for Default Entry Judgment or/and Summary Judgment" [Doc. 14] is **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff (1) a copy of his Complaint [Doc. 1], including the attachments, and (2) an Opt-In/Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: July 27, 2021

Martin Reidinger
Chief United States District Judge