# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00432-MR

| | |
|---|---|
| CHRISTOPHER CROMARTIE, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Adam Hardin's Motion to Deem Waiver of Service of Summons Timely Filed [Doc. 22].

This civil rights action was filed by the incarcerated *pro se* Plaintiff pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review on claims against Defendant Hardin, and the Clerk of Court commenced the procedure for waiving service of process that same day. [See Docs. 17, 18].

On September 29, 2021, two days beyond the deadline for waiving service, the North Carolina Department of Public Safety ("NCDPS") filed the instant Motion attaching the service waiver for Defendant Hardin. [Doc. 22]. NCDPS states that the failure to obtain timely service waivers for the Defendant was due to an administrative error and excusable neglect over

which Defendant Hardin had no control. The Plaintiff has not filed a response to the Motion, and the time to do so has expired.

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

The Defendant's Motion will be granted for good cause shown. Counsel has demonstrated that the failure to timely waive service was an administrative error, and it is evident that denying the Motion would unfairly prejudice Defendant Hardin. The Plaintiff has failed to suggest that he would be prejudiced by the Court granting the Motion or that such would unduly delay these proceedings. Accordingly, the Motion will be granted and Defendant Hardin's waiver of service will be accepted as timely filed.

**IT IS, THEREFORE, ORDERED** that Defendant Hardin's Motion to Deem Waiver of Service of Summons Timely Filed [Doc. 22] is **GRANTED**.

The Clerk is respectfully instructed to docket Exhibit A [Doc. 22-1] as an executed Waiver of the Service of Summons, using the Waiver of Service Executed event, so that the Answer deadline for the Defendant will be properly set to commence on the date of this Order.

**IT IS SO ORDERED.**

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge