IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00432-MR

| | |
|---|---|
| CHRISTOPHER D. CROMARTIE, JR., ) ) Plaintiff, ) ) vs. ) ) NORTH CAROLINA DEPARTMENT ) OF PUBLIC SAFETY, et al., ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to: Summon(s) and/or Subpoena(s) Former/Current Employee(s) and/or Incarcerated Person(s) as Witness(es)" [Doc. 37].

The incarcerated Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Scotland and Alexander Correctional Institutions. [Doc. 1]. The Amended Complaint passed initial review against Defendant Adam Hardin on an Eighth Amendment claim that he failed to honor the Plaintiff's valid medical restrictions, and the Court exercised supplemental jurisdiction over a North Carolina negligence claim. [Doc. 17]. The discovery cutoff date was July 6,

2022, and the deadline to file dispositive motions is September 9, 2022. [See July 6, 2022 and August 8, 2022 text-only Orders].

The Plaintiff filed the instant Motion on July 12, 2022.[1] [Doc. 37]. He claims that he asked North Carolina Prisoner Legal Services (NCPLS), which was appointed to assist him with discovery, to locate and contact witnesses who could testify on his behalf, and that NCPLS refused because it could not afford to do so.[2] The Plaintiff claims that he is unable to search for the witnesses himself because he lacks internet access and that inmates are prohibited by NCDPS policy from communicating with current or former inmates and employees. He seeks the contact information and/or last known addresses for two inmates and six medical staff, and the production of additional documents. The Plaintiff "strongly believes 'all' requested above things will in fact help maintain and prove beyond a reasonable doubt that Respondent(s) violated his Constitutional Rights within the U.S. and N.C. Constitutions." [Id. at 5].

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] NCPLS was allowed to withdraw from the representation on July 11, 2022 after it certified that it had assisted the Plaintiff with conducting discovery in this case. [Docs. 34, 35, 36].

The Defendants filed a Response arguing that the Motion to Compel should be denied because: the Plaintiff fails to adequately explain why it is necessary to contact those people and/or why the discovery conducted by NCPLS was insufficient; he has failed to provide adequate information to identify the inmates he has named; the addresses of NCDPS employees should not be provided to inmates for obvious security reasons; and he has provided insufficient grounds to reopen discovery. [Doc. 38]. The Plaintiff did not file a Reply, and the time to do so has expired.

The Plaintiff does not certify in the Motion that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motion. See Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied.").

Moreover, the Plaintiff has failed to demonstrate that discovery should be reopened. Discovery closed and the Plaintiff has failed to demonstrate good cause for reopening discovery. See generally Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the

3

judge's consent"); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (the court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery"). His vague assertion that he believes that the witnesses and documents he seeks would help him prove his case is insufficient. The Plaintiff has also failed to overcome the serious security concerns that would be implicated by allowing him to communicate with inmates and learn the addresses of current and former NCDPS staff. The Motion is therefore denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to: Summon(s) and/or Subpoena(s) Former/Current Employee(s) and/or Incarcerated Person(s) as Witness(es)" [Doc. 37] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 2, 2022

Martin Reidinger
Chief United States District Judge