# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:20-cv-00432-MR

CHRISTOPHER D. CROMARTIE, JR.,  )
                                 )
           **Plaintiff,**        )
                                 )
**vs.**                                 )
                                 )
**NORTH CAROLINA DEPARTMENT** )
**OF PUBLIC SAFETY, et al.,**      )         **ORDER**
                                 )
          **Defendants.**       )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Reconsider: to Reopen Discovery & Motion for an Extension of Time" [Doc. 45], and Motions for Extension of Time [Docs. 47, 52].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review against Defendant Hardin, a correctional unit sergeant at the Alexander C.I. [Docs. 12, 17]. North Carolina Prisoner Legal Services (NCPLS) was appointed to assist the Plaintiff with discovery. [Doc. 28] NCPLS was permitted to withdraw on July 11, 2022, after counsel served discovery requests on the Defendants, received the Defendants' responses, reviewed the responses with the

Plaintiff, provided him with hard copies of the relevant documents, and provided him guidance regarding the case. [See Docs. 34, 35, 36].

After the discovery cutoff date had expired, the Plaintiff filed a "Motion to: Summon(s) and/or Subpoena(s) Former/ Current Employee(s) and/or Incarcerated Person(s) as Witness(es)." [Doc. 37]. The Court denied that motion on September 6, 2022 because the Plaintiff failed to demonstrate good cause for reopening discovery, and because of serious security concerns that would be implicated by allowing him to communicate with inmates and learn the addresses of current and former NCDPS staff. [Doc. 40].

Defendant Hardin filed a Motion for Summary Judgment on September 9, 2022. [Doc. 41]. On September 27, 2022, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 44]. His response to the Defendants' Motion for Summary Judgment was due by October 27, 2022. [Id.; see Doc. 46 (denying an extension of time as moot, without prejudice to file a proper motion seeking an extension should the Plaintiff feel that the then-remaining time was insufficient)].

2

On September 16, 2022, the Plaintiff filed another Motion to Reopen Discovery, arguing that NCPLS counsel: "did not adequately represent his needs in full" which deprived him of due process; did not provide specific documents or subpoena witnesses that the Plaintiff had requested and that would allow him to prove his case; and withdrew from the representation without first notifying the Plaintiff. [Doc. 45]. The Plaintiff claims that he lacks the "intellectual competency and/or financial capabilities to search and/or find any of such witnesses and/or documents" he seeks. [Id. at 6]. He also claims that providing him with information about former NCDPS employees and inmates poses no security risk, and that information about current and recent NCDPS employees could be provided directly to the Court for service. [Id.]. The Plaintiff has again failed to demonstrate good cause to reopen discovery and the present Motion is denied for the reasons discussed in the Court's prior Order [Doc. 40], as well as for the reasons discussed in the Defendants' Response [Doc. 48].[1]

The Plaintiff also asks the Court to extend the deadline for him to respond to the Defendants' Motion for Summary Judgment for between 30

---

[1] The Plaintiff's request that the Court appoint non-NCPLS counsel to assist him further with discovery is, therefore, moot. [See Doc. 50 at 8]. Moreover, the Plaintiff has again failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. [See Doc. 26 at 2].

and 45 days, due to his other pending litigation and medical conditions. [Doc. 45, 49, 52]. The Plaintiff has now filed his Response[2] to the Defendants' Motion for Summary Judgment. [Doc. 50]. The Response is accepted as timely filed, and his Motions are granted in that regard. The Plaintiff also asks the Court to grant him between 30 and 90 days "if he in fact(s) has inadvertedly missed any other obligatory response(s)…." [Doc. 50 at 8] (errors uncorrected). This request is too vague and uncertain for the Court to determine the nature of his request and it is, therefore, denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se "Motion to Reconsider: to Reopen Discovery & Motion for an Extension of Time" [Doc. 45] is **DENIED**.

2. The Plaintiff's Response to the Defendants' Motion for Summary Judgment [Doc. 50] is accepted as timely filed.

3. The Plaintiff's Motions for Extension of Time [Docs. 47, 52] are **GRANTED IN PART** and **DENIED IN PART** as stated in this Order.

---

[2] Titled "Motion of Response to Respondent(s) Summary Judgement." [Doc. 50].

4

**IT IS SO ORDERED.** Signed: November 9, 2022

Martin Reidinger
Chief United States District Judge