# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:20-cv-00432-MR

| | |
|---|---|
| CHRISTOPHER D. CROMARTIE, JR., ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF PUBLIC SAFETY, et al., ) <br> ) <br> **Defendants.** ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Defendant Adam Hardin's

Motion for Summary Judgment [Doc. 41].

## I.     BACKGROUND

The incarcerated Plaintiff Christopher D. Cromartie, Jr. ("Cromartie" or

"the Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. §

1983 addressing incidents that allegedly occurred at the Scotland and

Alexander Correctional Institutions.[1]  The Amended Complaint [Doc. 12: Am.

Compl.] passed initial review against Defendant Hardin, a correctional

sergeant, for Eighth Amendment violations, and the Court exercised

_____

[1] The Plaintiff is presently incarcerated at the Pender Correctional Institution.

supplemental jurisdiction over the Plaintiff's negligence claim against him. [Doc. 17: Order on Initial Review]. The Plaintiff seeks compensatory, punitive, and nominal damages; fees and costs; and a letter of apology. [Doc. 12: Am. Compl. at 18].

Defendant Hardin filed the instant Motion for Summary Judgment. [Doc. 41]. Thereafter, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 44: Roseboro Order]. The Plaintiff filed a notarized Response [Doc. 50: MSJ Response] and supporting documents,[2] and the Defendant filed a Notice of Intent Not to File a Reply [Doc. 53: Notice]. Having been fully briefed, this matter is ripe for disposition.

## II.    STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict

---

[2] The voluminous supporting materials include transcripts from proceedings before the North Carolina Industrial Commission (NCIC) and medical records. [See Doc. 51: Response Exhibits].

2

for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at

248.  To that end, only evidence admissible at trial may be considered by the Court on summary judgment.  Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party.  Anderson, 477 U.S. at 255.  Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007).  As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts ….  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986).  When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott, 550 U.S. at 380.

Case 3:20-cv-00432-MR   Document 55   Filed 01/17/23   Page 4 of 8

## III.   FACTUAL BACKGROUND

The parties' forecasts of evidence show the following, which is undisputed except as otherwise noted.

The Plaintiff's leg was injured at another institution.  [Doc. 50: MSJ Response at 2].  When he was transferred to Alexander CI in December 2017, he had a Medical Duty Status granting him an elevator pass and the following restrictions: standing limit 15 minutes per setting; walking limited to 100 yards per setting; sitting limit 1 hour per setting; and no climbing.  [Doc. 50: MSJ Response at 3; Doc. 51: Response Ex. at 89 (Medical Duty Status)].  At all relevant times, Sergeant Hardin worked the overnight shift from 5:45 p.m. to 6:00 a.m., during which there is no scheduled meal.  [Doc. 42-1: Hardin Decl. at ¶¶ 5-6].  However, the Plaintiff would encounter Sergeant Hardin during breakfast when Hardin worked overtime.  [Doc. 50: MSJ Response at 3].

The location for service of breakfast was more than 100 yards, and two or three flights of stairs, from the Plaintiff's housing unit.  [Doc. 50: MSJ Response at 3; Doc. 51: Response Ex at 50, 71, 80 (NCIC transcript)].  The Plaintiff told Sergeant Hardin about his medical restrictions several times, showed him his medical pass, and asked to use the elevator or to have

5

courtesy meals brought to him at the housing unit.[3]  [Doc. 50: MSJ Response

at 3-5; Doc. 51: Response Ex at 23, 69, 71; Doc. 1: Compl.[4] at 21].

Nevertheless, the Defendant forced the Plaintiff to walk up and down stairs

and walk a long distance to breakfast, despite having been informed of the

Plaintiff's medical restrictions.[5]   [Doc. 51: Response Ex at 65; Doc. 1:

Notarized Compl. at 19, 21].  This caused the Plaintiff's leg injury to worsen,

and resulted in an intravenous abscess that required an emergency surgical

procedure and hospitalization.  [Doc. 50 at 3-4; Doc. 51: MSJ Ex at 19, 65-

67; Doc. 1: Verified Compl. at 21].

## IV.    DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual

punishments," U.S. Const. Amend. VIII, and protects prisoners from the

"unnecessary and wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312,

319 (1986).  To establish an Eighth Amendment claim, an inmate must

satisfy both an objective component—that the harm inflicted was sufficiently

serious—and subjective component—that the prison official acted with a

---

[3] Defendant Hardin does not remember having any conversation with the Plaintiff related to his medical restrictions. [Doc. 42-1: Hardin Decl. at ¶ 10].

[4] The Complaint was sworn before a notary.  [See Doc. 1: Compl. at 25].

[5] Defendant Hardin denies that he has ever forced any offender to engage in an activity that was counter to the offender's confirmed medical restrictions. [Doc. 42-1: Hardin Decl. at ¶ 9].

sufficiently culpable state of mind. ).  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Here, the Plaintiff has presented a forecast of evidence from which a reasonable jury could conclude that Defendant Hardin knowingly refused to honor Plaintiff's medical restrictions, which caused his injury to worsen and resulted in a venous abscess.  The Defendant's arguments that Defendant Hardin could not have violated the Plaintiff's rights because he worked nights, and that the claim of causation is speculative, are rejected.  [See Doc. 42: MSJ Memo.].  The Plaintiff's forecast of evidence demonstrates the existence of genuine disputes of material fact regarding whether Defendant Hardin violated the Plaintiff's Eighth Amendment rights on the occasions when he worked overtime, and whether the Defendant's actions caused the Plaintiff's leg injury to worsen.  Accordingly the Court cannot conclude, on the record presently before it, that the Defendant is entitled to judgment as a matter of law on the Plaintiff's Eighth Amendment claims.[6]  The forecast of evidence also reveals the existence of a genuine dispute of material fact on the questions of whether the Plaintiff is entitled to compensatory and punitive

---

[6] Because genuine disputes of material fact exist regarding whether Defendant violated Plaintiff's constitutional rights, the Court further concludes that the Defendant is not entitled to qualified immunity at this time.  See E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018); Hudson v. McMillian, 503 U.S. 1, 5-10 (1992).

damages, and whether the Defendant was negligent under North Carolina law.  Accordingly, the Defendant's Motion for Summary Judgment is denied.

## IV.    CONCLUSION

For the reasons stated herein, the Defendant's Motion for Summary Judgment is denied.

The Court intends to refer this case to a United States Magistrate Judge for the purpose of conducting a Judicial Settlement Conference.  Any party not wishing to participate in a Judicial Settlement Conference shall file written objections within fourteen (14) days of this Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that any party not wishing to participate in a Judicial Settlement Conference shall file written objections so informing the Court within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

Signed: January 16, 2023

Martin Reidinger
Chief United States District Judge

8