IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00432-MR

| | |
|---|---|
| CHRISTOPHER D. CROMARTIE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF PUBLIC SAFETY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Seek Contact Information of Respondent(s) Attorney(s)" [Doc. 70], and "Motion for (1) Discovery (2) Appointment of Counsel (3) Add Incarcerated Persons as Witness(es) (4) Add Current or Former Staff Witnesses" [Doc. 71].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review against Defendant Hardin, a correctional unit sergeant at the Alexander C.I. [Docs. 12, 17]. North Carolina Prisoner Legal Services (NCPLS) was appointed to assist the Plaintiff with discovery [Doc. 28], and was permitted to withdraw on July 11,

2022 after having assisted him with discovery and provided him guidance regarding the case. [See Docs. 34, 35, 36].

After the discovery cutoff date had expired, the Plaintiff filed a "Motion to: Summon(s) and/or Subpoena(s) Former/ Current Employee(s) and/or Incarcerated Person(s) as Witness(es)." [Doc. 37]. This motion was denied because the Plaintiff failed to demonstrate good cause for reopening discovery, and because of serious security concerns that would be implicated by allowing him to communicate with inmates and learn the addresses of current and former NCDPS staff. [Doc. 40].

The Defendant Hardin filed a Motion for Summary Judgment on September 9, 2022. [Doc. 41]. On September 16, 2022, the Plaintiff filed another Motion to Reopen Discovery, arguing that NCPLS counsel: "did not adequately represent his needs in full" which deprived him of due process; did not provide specific documents or subpoena witnesses that the Plaintiff had requested and that would allow him to prove his case; and withdrew from the representation without first notifying the Plaintiff. [Doc. 45]. The Plaintiff claimed that he lacks the "intellectual competency and/or financial capabilities to search and/or find any of such witnesses and/or documents" he seeks. [Id. at 6]. He also claimed that providing him with information about former NCDPS employees and inmates poses no security risk, and

that information about current and recent NCDPS employees could be provided directly to the Court for service. The Plaintiff's Motion was denied. [Doc. 54].

On January 17, 2023, the Court denied Defendant Hardin's Motion for Summary Judgment. [Doc. 55].

A judicial settlement conference came before Magistrate Judge W. Carleton Metcalf on May 4, 2023, and the parties reached an impasse. [See May 4, 2023 Minute Entry].

The Plaintiff filed the instant Motions on May 5, 2023. [Doc. 70, 71]. In the "Motion to Seek Contact Information..." [Doc. 70], he appears to seek the Court's assistance in contacting defense counsel via teleconference "to discuss matters between two parties…," and to be "acknowledged as an indigent person whose incarcerated and a layman of law." [Doc. 70 at 2-3] (errors uncorrected). As the Defendant noted in the response, "Defendant's Attorney's contact information has been included in every signature block of every filing made to the Court." [Doc. 72 at 2]. Moreover, the Court will not insinuate itself into informal communications between the parties by arranging a video conference on the Plaintiff's behalf. The Motion to Seek Contact Information is, therefore, denied.

In the Motion for Discovery [Doc. 71], the Plaintiff makes several requests that will be addressed in turn. First, he asks the Court to "forward him his entire discovery motion…," including "affidavits and/or witnesses statements" so that he can prove his claim beyond a reasonable doubt. [Doc. 71 at 1-2]. He also seeks to "possibly add NEW evidence…." [Id. at 4].

Insofar as the Plaintiff seeks to reopen discovery, this is denied for the reasons previously discussed. [See Doc. 54]. To the extent that the Plaintiff requests copies from the Court, he has failed to adequately identify the documents he seeks. Should the Plaintiff choose to request for copies from the Court's file, he must identify the item(s) he seeks by referring to the appropriate docket entry number(s), and pay the required copying fee of $.50 per page.[1] See United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress"); Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C.§ 1915 does not authorize the payment of litigation expenses and "[o]rdinarily, the plaintiff must bear the costs of his litigation ... even in pro se cases").

Second, the Plaintiff seeks the appointment of counsel. He states that he does not want services from "entities linked with NCDAC" such as North

---

[1] See https://www.ncwd.uscourts.gov/court-fees.

4

Carolina Prisoner Legal Services. [Doc. 71 at 2-3]. The Plaintiff's Motion for the appointment of counsel is denied because he has failed to demonstrate the existence of exceptional circumstances. [See Docs. 26, 63]. However, the Plaintiff will be provided the opportunity to request the Court's assistance in locating a volunteer lawyer to represent him at trial via the Court's Prisoner Assistance Program, Case No. 3:19-mc-00013-MR.

Third, the Plaintiff asks the Court to approve "ALL possible persons formerly and/or currently incarcerated...," and "ALL persons ... who are formerly and/or currently employed by NCDAC" to testify at the Plaintiff's trial. [Doc. 71 at 3]. He also appears to seek permission to communicate with other prisoners, and with current and former NCDAC employees. [Id. at 3-4]. The Plaintiff's request is vague and conclusory in that he has not identified the individuals whom he anticipates calling at trial as witnesses. See generally Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985) (it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants). His request to subpoena witnesses for trial is also premature as no trial date has yet been set. To the extent that he seeks to communicate with

other offenders and former staff, this is denied. [See Doc. 40; NCDAC Policy & Procedure D.0304(a)(1) ("Correspondence between offenders is generally prohibited.")]. Insofar as the Plaintiff's request for permission to communicate with current NCDAC staff members, this is moot as, written correspondence with current staff appears to be permitted by NCDAC policy. [See NCDAC Policy & Procedure D.0303(c)(2)]. Accordingly, the Plaintiff's "Motion for Discovery…" is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion to Seek Contact Information of Respondent(s) Attorney(s)" [Doc. 70] is **DENIED**.

2. The Plaintiff's "Motion for (1) Discovery (2) Appointment of Counsel (3) Add Incarcerated Persons as Witness(es) (4) Add Current or Former Staff Witnesses" [Doc. 71] is **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff a Notice to Plaintiff (PAP) and Plaintiff's Response to Notice (PAP) form, a courtesy copy of the docket sheet, and a copy of this Order.

**IT IS SO ORDERED**.

Signed: August 8, 2023

Martin Reidinger
Chief United States District Judge